IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TROY ANDERSON,

            Plaintiff,                          No. CIV S-09-2539 GGH P

      vs.

PEOPLE OF THE STATE
OF CALIFORNIA, et al.,

                                                ORDER &
            Defendants.                         FINDINGS AND RECOMMENDATIONS

_____/

Introduction

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

42 U.S.C. § 1983.  Pending before the court is defendant's September 22, 2010, motion to

dismiss for failure to exhaust administrative remedies.  Doc. 38.  Plaintiff filed a brief opposition

on December 15, 2010.  Doc. 47.

Background

        This case is currently proceeding on the amended complaint filed on November

25, 2009.  Plaintiff alleges that while detained in Solano County Jail he was only fed 2 pieces of

bread and prison guards would confiscate food that plaintiff kept in his cell to avoid hunger.

Plaintiff also states that jail staff were deliberately indifferent to his serious medical needs with

respect to his injured finger and hand, a wisdom tooth, and asthma, allergies and hay fever.

\\\\\

1

Motion to Dismiss

### Legal Standard

The Prison Litigation Reform Act of 1995 (PLRA) amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). Exhaustion is a prerequisite for all prisoner suits regarding the conditions of their confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532.

Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective." Id. at 524; Booth v. Churner, 532 U.S. 731, 740, n. 5 (2001). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Booth, 532 U.S. at 741. A prisoner "seeking only money damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money." Id. at 734.[1]

A prisoner need not exhaust further levels of review once he has either received all the remedies that are "available" at an intermediate level of review, or has been reliably informed by an administrator that no more remedies are available. Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). As there can be no absence of exhaustion unless some relief remains available, a movant claiming lack of exhaustion must demonstrate that pertinent relief

---

[1] That the administrative procedure cannot result in the particular form of relief requested by the prisoner does not excuse exhaustion because some sort of relief or responsive action may result from the grievance. See Booth, 532 U.S. at 737; see also Porter, 534 U.S. at 525 (purposes of exhaustion requirement include allowing prison to take responsive action, filtering out frivolous cases, and creating administrative records).

1 remained available, whether at unexhausted levels or through awaiting the results of the relief

2 already granted as a result of that process.  <u>Brown</u>, 422 F.3d at 936-37.

3           The PLRA requires proper exhaustion of administrative remedies.  <u>Woodford v.</u>

4 <u>Ngo</u>, 548 U.S. 81, 83-84 (2006).  "Proper exhaustion demands compliance with an agency's

5 deadlines and other critical procedural rules because no adjudicative system can function

6 effectively without imposing some orderly structure on the course of its proceedings."  <u>Id</u>. at

7 90-91.  Thus, compliance with prison grievance procedures is required by the PLRA to properly

8 exhaust.  <u>Id</u>.  The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or

9 otherwise procedurally defective administrative grievance or appeal."  <u>Id</u>. at 83-84.

10           Failure to exhaust administrative remedies is an affirmative defense properly

11 raised by a defendant in an unenumerated Fed. R. Civ. P.  Rule 12(b) motion.  <u>Jones v. Bock</u>, 549

12 U.S. 199, 216 (2007).  If the court concludes the prisoner has not exhausted non-judicial

13 remedies, the proper remedy is dismissal of the claim without prejudice.  <u>Wyatt v. Terhune</u>, 315

14 F.3d 1108, 1119-1120 (9th Cir. 2003).  Defendants bear the burden of raising and proving

15 non-exhaustion.  <u>Id</u>. at 1119.  The court may resolve any disputed material facts on the

16 exhaustion issue by looking beyond the pleadings in deciding a motion to dismiss for failure to

17 exhaust.  <u>Id</u>. at 1119-20.  No presumption of truthfulness attaches to a plaintiff's assertions

18 associated with the exhaustion requirement.  <u>See</u> <u>Ritza v. Int'l Longshoremen's and</u>

19 <u>Warehousemen's Union</u>, 837 F.2d 365, 369 (9th Cir. 1988).

20     <u>Discussion</u>

21           Defendant alleges that plaintiff failed to exhaust his administrative remedies at

22 Solano County Jail.  The jail's inmate grievance system has two levels, with the first level

23 requiring a grievance being given to the module officer who then passes it along where it is

24 investigated and a response is prepared.  If the inmate is not pleased with the response he may

25 appeal the grievance to the second level where the grievance is reviewed by the facility

26 commander who investigates the grievance and prepares a response.  Motion to Dismiss (MTD),

Declaration of Margo Cullison at 1-2.

Plaintiff's opposition is brief and it is difficult to discern plaintiff's argument. He first states that he did exhaust administrative remedies but staff destroyed the grievances. Opposition at 2. Plaintiff then states that it would have been useless to attempt to exhaust administrative remedies at the jail. Opposition at 3.

Defendant has also included portions of plaintiff's deposition testimony which, unfortunately, does not aid in clarifying plaintiff's argument. When asked if he filed a grievance, plaintiff does not provide a coherent answer and instead gives rambling statements. Reply, Deposition at 27-28.

The only evidence that plaintiff ever attempted to exhaust a grievance was provided by defendant. MTD, Exh. A. Plaintiff submitted a grievance at the first level regarding the inadequate medical care he was receiving for his broken hand and finger, hay fever and allergies. Apparently, plaintiff was on a self medication plan where he was given medication and it was his responsibility to take it. Plaintiff sought stronger medication, as he was taking more medication than he was supposed to and was then running out. Plaintiff also complained about the attitude of medical staff.

In response, jail officials, removed plaintiff from the self medication plan, as he was not abiding by the rules. MTD, Exh. A. Plaintiff's allergy medication was changed to Benadryl, however, officials maintained plaintiff on Tylenol and did not provide him with stronger pain medication. Plaintiff chose not to appeal to the next level. While plaintiff has not set forth any arguments that he was unaware of the second level of review, the form that plaintiff filled out for the first level of review states, "Every attempt will be made to resolve your grievance at the lowest possible level; however, it may be necessary to bring your grievance to a higher level for resolution." MTD, Exh. A. Thus, it was clear that there was another level of review.

Based on the record, it is clear that plaintiff failed to exhaust his administrative

remedies with respect to his claims regarding lack of food and his wisdom tooth, as there is no indication that plaintiff ever brought these issues to the attention of jail officials.

Nor will plaintiff's one grievance, that he did not appeal to the second level, serve to exhaust his administrative remedies for his claims involving his hand and breathing problems. A prisoner need not exhaust further levels of review once he has either received all the remedies that are "available" at an intermediate level of review, or has been reliably informed by an administrator that no more remedies are available. Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). In this case, plaintiff did not receive all the remedies available at the first level for his grievance, and chose not to further appeal.[2] As there was clearly further relief available, plaintiff has failed to exhaust these claims.

Accordingly, IT IS HEREBY ORDERED that a district judge be assigned to this case.

IT IS HEREBY RECOMMENDED that defendants' motion to dismiss for failure to exhaust administrative remedies (Doc. 38), be granted and this case dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are

\\\\\

\\\\\

\\\\\

---

[2] Based on the vague nature of plaintiff's complaint and his grievance it is not entirely clear what plaintiff's ailments consisted of, and exactly what medical treatment he was requesting.

1  advised that failure to file objections within the specified time may waive the right to appeal the

2  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: 01/28/2011

4                                                    /s/ Gregory G. Hollows
   _____
5                                                    UNITED STATES MAGISTRATE JUDGE

   GGH: AB
6  ande2539.mtd

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26